UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRICK VARGO

    *Plaintiff*,

  v.

BRYANT WILLIAMS, *et al.*,

    *Defendants*.

Civil Action No. 24-00010 (AHA)

## ORDER

    This matter is before the Court on Defendants' motion to dismiss, ECF No. 12. Plaintiff Derrick Vargo, who is proceeding pro se, is advised of the following:

    Before the Court rules on Defendants' motion to dismiss, you are entitled to file a memorandum and supporting material in response. Under this Court's local rules, a party opposing a motion must serve and file a memorandum of points and authorities in opposition within fourteen days of the date of service of the motion or "at such other time as the Court may direct." Local Civ. R. 7(b). Here, the Court directs that your response must be filed on or before **March 24, 2025**. If you fail to respond to Defendants' motion in the time provided, the Court may (1) treat the motion as conceded, *id.*; (2) rule on Defendants' motion based on Defendants' arguments alone and without considering your arguments; or (3) dismiss your claims for failure to prosecute, *see Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). Further, if you oppose the motion but address only some of Defendants' arguments, the Court may treat the arguments that you failed to address as conceded. *See Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017); *Hopkins v. Women's Div., Gen. Bd. of*

*Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).

Here, Defendants have also attached two declarations to their motion to dismiss, ECF Nos. 12-2 and 12-3, and in such circumstances the Court may consider the motion under Rule 56, governing summary judgment proceedings. *See* Rule 12(d). A motion for summary judgment argues that there is no need to hold a trial because undisputed facts show that the party who filed it is entitled to win the case. *See* Fed. R. Civ. P. 56(a). As a result, unless you show that there is a "genuine dispute" about a material fact, Defendants may be entitled to prevail on their motion. Unless you submit your own affidavits (or declarations) or other documentary evidence contradicting the Defendants' factual assertions, the Court may accept as true any factual assertion supported by the affidavits (or declarations) or other documentary evidence submitted with the motion. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

Federal Rule of Civil Procedure 56(e) explains what may happen if you do not properly address a fact asserted by Defendants in a motion for summary judgment:

> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > **(1)** give an opportunity to properly support or address the fact;
> >
> > **(2)** consider the fact undisputed for purposes of the motion;
> >
> > **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

>> **(4)** issue any other appropriate order.

Fed. R. Civ. P. 56(e).

It is not enough for you to state that Defendants' affidavits or other evidence are inaccurate or incorrect. Federal Rule of Civil Procedure 56(c) explains what you must do to create a "genuine dispute" of a factual assertion made by Defendants:

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c). Additionally, Federal Rule of Civil Procedure 56(d) addresses situations in which facts that are essential to oppose a motion for summary judgment are not available to the party opposing the motion.

The Court directs you to file a brief in opposition to Defendants' motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 12, on or before **March 24, 2025**. It is

important that you carefully review and follow the rules mentioned in this Order in preparing your opposition to Defendants' motion. If you do not respond to Defendants' motion within the time provided, the Court may treat the motion as conceded, rule on the motion based on Defendants' arguments alone and without considering any arguments that you may later wish to raise, or dismiss your claims for failure to prosecute.

**SO ORDERED.**

_____
AMIR H. ALI
United States District Judge

Date:   March 3, 2025