UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRICK VARGO,

    *Plaintiff*,

  v.

BRYANT WILLIAMS,
Capitol Police Officer, *et al.*,

    *Defendants*.

Civil Action No. 24-00010 (AHA)

**Memorandum Opinion**

    Plaintiff Derrick Vargo filed this pro se suit against U.S. Capitol Police Officer Bryant Williams and House Speaker Mike Johnson for injuries suffered while climbing and being pushed off a ledge of the U.S. Capitol Building on January 6, 2025. ECF No. 1 ¶¶ 32–40. The United States, representing Officer Bryant and Speaker Johnson, filed a motion to dismiss the complaint arguing Vargo fails to demonstrate jurisdiction, plead an applicable cause of action, or overcome immunities. Despite several orders advising Vargo of the need to respond to the motion dismiss and cautions that his case may otherwise be dismissed; granting multiple *sua sponte* and out-of-time extensions; and an order to show cause why the case should not be dismissed, Vargo has not filed a response. The Court accordingly dismisses this case for failure to prosecute.

    The United States filed its motion to dismiss on December 9, 2024. ECF No. 12. After Vargo failed to timely respond, the Court issued an order on January 17, 2025, advising him of his obligation to respond and extending the time to do so to February 17, 2025. ECF No. 14. The Court warned that failure to file a response could result in the Court treating the motion as conceded or dismissing the case for failure to prosecute. *Id*. Vargo did not file any response by the extended

deadline. The Court provided Vargo another opportunity, ordering him to file a response or show cause why the case should not be dismissed by March 24, 2025, again warning that failure to do so could result in the motion being conceded or the case being dismissed. ECF No. 16. Vargo did not file any response by the second extended deadline. After the deadline passed, Vargo moved for an extension of time to file a response to the motion to dismiss. ECF Nos. 18, 19. Vargo stated that he had not received notice of the Court's order to file a response by March 24 and "only learned of the Order on March 26, 2025." ECF Nos. 18, 19. Vargo's motion did not include any response to the motion to dismiss or show cause why the case should not be dismissed. Moreover, Vargo's explanation that he had not learned of the Court's order (and, presumably, the Court's earlier order) was inadequate. Vargo submitted a form in this case in which he explicitly consented to receive electronic notices, waiving his right to service by mail and certifying that he was "responsible for checking [his email for electronic notices] on a regular basis." ECF No. 13. In recognition of Vargo's pro se status, the Court nonetheless exercised its discretion to grant Vargo an additional, out-of-time extension to respond to the motion to dismiss by April 14, 2025, again warning that failure to respond may lead to issues being conceded or dismissal of this case. Min. Order (Apr. 4, 2025). Vargo did not file a response by that deadline and has not filed one in the weeks since.

      A Court may dismiss a case for failure to prosecute "upon the Court's own motion." Local Civ. R. 83.23; *see Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order."). In addition, the Court may direct a party to "serve and file a memorandum of points and authorities in opposition" to a motion, and the Court "may treat the motion as conceded" if the party fails to do so within the prescribed time. Local Civ. R. 7(b).

2

Here, despite several orders, warnings, and extensions, Vargo has not responded to the United States' motion to dismiss. The Court could treat the motion as conceded. *See, e.g.*, *McBean v. Soc. Sec. Admin.*, No. 18-cv-00943, 2019 WL 4860695, at *1 (D.D.C. Oct. 1, 2019). But given Vargo's failure to exercise reasonable diligence in prosecuting his claims, the Court dismisses the action for failure to prosecute and denies the motion to dismiss as moot. *See, e.g.*, *Smith v. Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers*, No. 24-cv-1443, 2025 WL 416154, at *1 n.1 (D.D.C. Feb. 6, 2025) (noting that "treating an unopposed motion to dismiss as conceded is more draconian than dismissing for failure to prosecute, because the former will often operate as an adverse adjudication of the dispute on the merits" (internal quotation marks and citation omitted)).

A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   May 7, 2025